IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:08cr184-1

CHRISTOPHER FRED GOAD, SR.,

    Petitioner.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered November 6, 2012, the Court dismissed Goad's 28 U.S.C. § 2255 Motion. United States v. Goad, No. 3:08cr184-1, 2012 WL 5416424, at *14 (E.D. Va. Nov. 6, 2012). On December 3, 2012, the Court received from Goad a Motion for Reconsideration of the Court's two November 6, 2012 Orders, dismissing his § 2255 action (ECF No. 118) and denying his motions relating to the expansion of the record in his § 2255 action (ECF No. 116).[1] Because Goad submitted his motion within twenty-eight days of the entry of the November 6, 2012 Order, the Court construes it as a motion to alter or amend the judgment pursuant to Federal Rule

---

[1] The Court denied Goad's Motion to Expand Record, Motion to Subpoena Deposition Transcripts of Cynthia L. Goad, Motion for Leave of the Court for Defendant to Depose Listed individuals with Related Information, and Motion for Immediate Ruling. (ECF No. 118).

of Civil Procedure 59(e) ("Rule 59(e) Motion").[2]  Fed. R. Civ. P. 59(e).  For the reasons stated herein, the motion will be denied.

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).  Goad fails to identify a ground for relief under Rule 59(e).  Instead, in his rambling submission, he rehashes arguments made in his § 2255 Motion and his motions relating to the expansion of the record.

The majority of Goad's Motion focuses on his contention that he "must be given a chance to prove that the record is false.  It is the Defendant's constitutional right!"[3]  (Mem. Supp. Rule 59(e) Mot. 10-11.)  He argues that the Court erred by not allowing him to expand the record which would have supported the claims in his § 2255 Motion.  Goad contends:

---

[2] Goad's Motion for Extension of Time will be denied as moot.

[3] The Court corrects the capitalization in the quotations from Goad's submissions.

2

> The Defendant has a right to confront the witnesses that caused the enhancements through the government's and Court's use of "the record." The Defendant has the right to prove "the record" is false in particular when the Court [refers] to and uses "the record" to triple the Defendant's sentence through enhancements and in the Court [sic] denial of the Defendant's 2255 Motion.

(Id. at 19.) Goad fails to demonstrate any clear error of law or any other basis for relief with respect to the Order denying his motions requesting expansion of the record.

Goad also challenges the denial of his § 2255 Motion, arguing the Court erred "in not considering any of the Defendant's claims that he was lied to, bullied and coerced into signing the plea." (Id. 15.) Goad fails to demonstrate that the Court committed a clear error of law or any other grounds for granting relief under Rule 59(e). See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (noting that a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 127-28 (2d ed. 1995))). Accordingly, Goad's Rule 59(e) Motion (ECF No. 121) will be denied. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Goad.

An appropriate Final Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 5, 2013